UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS CODY, SKYLAR CODY, KAYCIE CODY, individually and as guardian ad litem for her minor children K.S.-1 and K.S.-2,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN JOAQUIN, et al.,<br><br>Defendants. | No. 2:23-cv-02318-TLN-CSK<br><br>**ORDER** |

This matter is before the Court on three separate motions: (1) Defendants Lazaro Gonzalez ("Gonzalez"), Charlie Foo ("Foo"), and Rachel Apodaca's ("Apodaca") (collectively, "Individual Defendants[1]") Motion to Dismiss (ECF No. 30); (2) Defendant County of San Joaquin's ("County") Motion to Dismiss (ECF No. 28); and (3) the County and Individual Defendants' (collectively, "Defendants") Motion to Strike (ECF No. 29). Each motion has been fully briefed. (ECF Nos. 33–38.)

For the reasons set forth below, the Court GRANTS in part and DENIES in part Individual Defendants' Motion to Dismiss, DENIES the County's Motion to Dismiss, and

---

[1] The Court notes that while Defendant Claudette Butman ("Butman") was named as a defendant in the instant action, Butman has not been served or made an appearance in the matter and is not a party to the instant motions.

1

GRANTS Defendants' Motion to Strike.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On October 13, 2023, Plaintiffs Nicholas Cody ("Nicholas"), Kaycie Cody ("Kaycie"), and Skylar Cody ("Skylar") (collectively, "Plaintiffs") commenced the instant action *pro se* alleging claims under 42 U.S.C. § 1983 ("§ 1983") against Defendants for alleged false statements made to San Joaquin County Dependency Court that resulted in the removal and detention of Nicholas's and Kaycie's minor children, Skylar, V.C., K.S.-1, and K.S.-2. (ECF No. 1.) Individual Defendants were social workers who were involved in various aspects of the investigations into allegations against Nicholas and Kaycie. (*See generally* ECF No. 24.)

On January 5, 2024, Plaintiffs filed a First Amended Complaint. (ECF No. 4.) On February 1, 2024, Defendants filed a motion for a more definite statement. (ECF No. 12.) Thereafter, Plaintiffs retained counsel, and on March 12, 2024, Plaintiffs filed the operative Second Amended Complaint ("SAC"). (ECF No. 24.) In the SAC, Plaintiffs allege the following § 1983 claims:

1. Claim One alleges violations of the First, Fourth, and Fourteenth Amendments, specifically violations of the right to familial association, against Foo and Gonzalez and arises from the warrantless removal of V.C. ("Claim 1A") and the detention of Skylar, K.S.-1 and K.S.-2 ("Claim 1B");

2. Claim Two alleges a violation of the First and Fourteenth Amendments, specifically judicial deception, against Foo, Gonzalez, Butman and Apodaca, and arises from alleged falsification of evidence, misrepresentations, and omission of exculpatory evidence;

3. Claim Three alleges a violation of the Fourteenth Amendment against Gonzalez, Butman, and Apodaca, and arises from alleged failures to notify Nicholas of medical and dental examinations of Skylar and provide Nicholas with an opportunity to be present during the examinations;

4. Claim Four alleges a violation of the First Amendment against Foo, Gonzalez, Butman, and Apodaca and arises from actions alleged to have been taken in retaliation

2

          for Nicholas and Kaycie having obtained a reversal of previously substantiated allegations lodged against them;

5. Claim Five alleges a violation of the Fourth Amendment against Foo, Gonzalez, Butman and Apodaca and arises from alleged falsification of evidence, misrepresentations, and omission of exculpatory evidence; and

6. Claim Six alleges a *Monell* claim against the County for customs and practices that allegedly violate the First, Fourth, and Fourteenth Amendment.  (ECF No. 24 at 52–85.)

On April 20, 2024, Individual Defendants filed a motion to dismiss (ECF No. 30), County filed a motion to dismiss (ECF No. 28), and Defendants filed a motion to strike (ECF No. 29). The Court will address each motion in turn.

## II.   MOTIONS TO DISMISS

### A.   Standard of Law

A motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).  Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted).  "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court must give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to

relief." *Twombly*, 550 U.S. at 570 (internal citation omitted).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Thus, "[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss" for failure to state a claim. *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (citations omitted). Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, only where a plaintiff fails to "nudge [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680 (internal quotations omitted).

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995));

4

1   *see also Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in
2   denying leave to amend when amendment would be futile).  Although a district court should
3   freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to
4   deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint."
5   *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting
6   *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

    B.    Analysis

The two pending motions to dismiss contain distinct arguments.  The Court will first address Defendants' request for judicial notice and then address the arguments from each motion separately.

    i.    *Request for Judicial Notice*

As a threshold matter, Defendants seek judicial notice of summaries of unpublished cases cited in Plaintiff's SAC and three sets of documents: (1) Exhibit A, which are copies of the two orders and the judgment in *Nastic v. County of San Joaquin, et al.*, No. 2:11-CV-02521-JAM-GGH (E.D. Cal. May 31, 2012); (2) Exhibit B, which is a copy of the docket for *County of San Joaquin v. L.J.*, Third Appellate District Court of Appeal Case No. C095267; and (3) Exhibit C, which is a copy of the unpublished opinion of the Third Appellate District Court of Appeal in *San Joaquin County Human Services Agency v. N.C.*, No. C096684 (2013).  (ECF No. 27.)  Plaintiffs did not oppose Defendants' request for judicial notice.

The Court may take judicial notice of facts that are "generally known within the trial court's territorial jurisdiction" or can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  "A federal court may 'take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'"  *Schulze v. FBI*, No. 1:05–CV–0180-AWI-GSA, 2010 WL 2902518, at *1 (E.D. Cal. July 22, 2010) (quoting *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007).  However, Defendants fail to persuade the Court that their summaries of the unpublished cases cited in Plaintiff's SAC or Exhibits A–C have any bearing on whether Plaintiffs have adequately alleged their claims, and the Court has not relied on those

5

documents in its ruling.

Accordingly, Defendants' request for judicial notice is DENIED.

        *ii.*  *Individual Defendants' Motion to Dismiss*

In their motion, Individual Defendants argue: (1) Plaintiffs' first, second, fourth, and fifth claims are barred by the *Rooker-Feldman* doctrine; (2) Plaintiffs' third claim fails to allege any participation by Individual Defendants; and (3) Plaintiffs' fifth claim is duplicative of Plaintiffs' second claim.[2] (ECF No. 30 at 2.) The Court will address Individual Defendants' arguments in turn.

        *a.*  *Rooker-Feldman Doctrine*

"The *Rooker-Feldman* doctrine forbids a losing party in state court from filing suit in federal district court complaining of an injury caused by a state court judgment, and seeking federal court review and rejection of that judgment." *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013). The doctrine only applies if an "action contains a forbidden de facto appeal of a state court decision." *Id.* A de facto appeal exists when "a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision." *Id.* (quoting *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003)). In contrast, if "a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse

---

[2] Individual Defendants also argue all claims asserted by Skylar should be dismissed because he lacks capacity to sue. (ECF No. 30 at 14–15.) In opposition, Plaintiffs suggest Skylar is now an adult and assert the reference to him being 10 years old in 2017 was a scrivener error. (ECF No. 35 at 6-7.) Because the Court grants in part Individual Defendants' Motion to Dismiss with leave to amend, the Court finds this error can and should be amended by Plaintiffs. Therefore, the Court GRANTS Individual Defendants' Motion to Dismiss as to all claims asserted by Skylar with leave to amend. Should Plaintiffs not clarify that Skylar is an adult in any amended complaint or should Plaintiff fail to file an amended complaint, all claims alleged by Skylar will be dismissed.

Similarly, in each motion to dismiss, Defendants argue all claims asserted by Kacie as guardian ad litem should be dismissed because she has not been appointed as guardian ad litem. (ECF No. 28 at 12–13; ECF No. 30 at 14–15.) On January 31, 2025, this Court ordered Plaintiffs to file an application for Kaycie to be appointed guardian ad litem for K.S.-1 and K.S.-2. (ECF No. 39.) On February 7, 2025, Plaintiffs filed an ex parte application for appointment of Kaycie Cody as guardian ad litem, which was granted by the Court. Accordingly, Defendants' argument is moot.

party, *Rooker-Feldman* does not bar jurisdiction." *Id.* (quoting *Noel*, 341 F.3d at 1164). "Thus, even if a plaintiff seeks relief from a state court judgment, such a suit is a forbidden de facto appeal only if the plaintiff *also* alleges a legal error by the state court." *Id.* (emphasis in original).

Individual Defendants argue the *Rooker-Feldman* doctrine bars this Court from adjudicating Plaintiffs' first, second, fourth, and fifth claims because the claims are inextricably intertwined with issues already decided by the San Joaquin County Dependency Court. (ECF No. 30 at 6–13.) Specifically, Individual Defendants assert Plaintiffs' claims essentially seek review of the dependency court's decisions by challenging the court's jurisdictional findings and decisions. (*Id.* at 6–7.) In support of their argument, Individual Defendants cite to multiple district court cases where claims of judicial deception based on allegations of false evidence by social workers in dependency proceedings were dismissed under the *Rooker-Feldman* doctrine. (*Id.* at 7–10 (citing *Thomas v. County of San Diego*, No. 3:18-cv-924-BTM-DEB, 2021 WL 8014326 (S.D. Cal. Jan. 27, 2021); *Ragan v. County of Humboldt HHS*, No. 16-cv-05580-RS, 2017 WL 878083 (N.D. Cal. Mar. 6, 2017); *Ismail v. County of Orange*, No. SACV 10-00901 VBF (AJW), 2012 WL 3644170 (C.D. Cal. June 11, 2012)).)

In opposition, Plaintiffs argue the *Rooker-Feldman* doctrine does not apply because their claims do not stem from a state court judgment but rather from the conduct of Individual Defendants, such as judicial deception and fabrication of evidence. (ECF No. 35 at 11.) Plaintiffs contend the *Rooker-Feldman* doctrine is a narrow doctrine and is confined to cases where state court losers complain of injuries caused by state court judgments rendered before the district court proceedings commenced. (*Id.* at 22.) Plaintiffs further argue their claims are not a de facto appeal of a state court judgment, as there was no adverse judgment entered against them in the juvenile dependency proceedings, which were dismissed. (*Id.* at 19.) Plaintiffs argue Individual Defendants' reliance on the cited cases is misplaced, as the cited cases involve claims stemming from adverse state court judgments. (*Id.* at 15, 21.)

The Court agrees with Plaintiffs — the cases cited by Individual Defendants are distinguishable and unpersuasive. In *Ismail*, the plaintiff sought declaratory relief consisting of, in relevant part, an order reinstating parental rights and/or enforcing visitation rights for plaintiff

7

with her son or, in the alternative, an order granting review of her consolidated appeals challenging the termination of her parental rights. 2012 WL 3644170, at *9. Because the court found that plaintiff was asking to overturn state court orders terminating her parental and visitation rights, it concluded plaintiff's complaint was a de facto appeal precluded under the *Rooker-Feldman* doctrine. *Id.* Similarly, in *Ragan*, plaintiffs filed suit after the state court rendered its judgment and, in their suit, complained of injuries stemming from the judgment. 2017 WL 878083, at *4. The court found plaintiffs' claims — that (1) their due process rights were violated because they were not given a fair opportunity to retain and maintain custody of their child and prevented from receiving a fair and just judicial proceeding and (2) their Fourth Amendment rights were violated because the taking of their child caused the child to be removed from their legal custody — invited review of the juvenile dependency proceeding and was barred by the *Rooker-Feldman* doctrine. *Id*. Finally, in *Thomas*, plaintiffs alleged that social workers submitted false, fraudulent, and misleading information in support of the jurisdiction/disposition report which resulted in the continued detention of the children from their biological mother. 2021 WL 8014326, at *4. The court found plaintiffs' claims were inextricably intertwined with the juvenile dependency proceedings and findings as the claims were linked to the court's adverse findings. *Id.*

    Here, unlike the plaintiffs in the cases cited by Individual Defendants, Plaintiffs are neither seeking relief from a state court judgment nor alleging a legal error by the state court, and thus, there is no de facto appeal. *Bell*, 709 F.3d at 897; *see also Noel v. Hall*, 341 F.3d at 1164. Instead, Plaintiffs are seeking monetary damages for the constitutional violation of removing Nicholas's minor child V.C. without a warrant and Individual Defendants' wrongful acts of omitting and fabricating evidence in a juvenile dependency petition, subsequent reports, and in court proceedings. (ECF No. 35 at 11, 16.) Thus, Plaintiffs' claims are based on Individual Defendants' unlawful conduct, separate and apart from any actions taken in the juvenile dependency proceedings, and are not barred by the *Rooker-Feldman* doctrine.

    Therefore, the Court DENIES Individual Defendants' Motion to Dismiss as to Plaintiffs

first, second, fourth, and fifth claims.[3]

### b. Lack of Personal Participation

Individual Defendants argue the Court should dismiss Plaintiffs' third claim for alleged failure to notify Nicholas of medical examinations of Skyler because Plaintiffs fail to allege the Individual Defendants had any personal participation in or even knew about the medical examinations. (ECF No. 30 at 14–15.) Individual Defendants contend the total sum of Plaintiffs' allegations with respect to Plaintiffs' third claim is that Skylar was subjected to medical testing at Mary Graham Children's Shelter, Individual Defendants did not notify Nicholas about the testing, and unidentified "other" County employees performed medical procedures on Skylar. (*Id*. at 14.) Plaintiffs' opposition is limited to one paragraph in their introduction, in which Plaintiffs appear to argue because Individual Defendants were named as defendants, it is implicit that they knew about the examinations. (ECF No. 35 at 5.) Plaintiffs' opposition is otherwise devoid of meaningful analysis on this issue.

The Court agrees with Individual Defendants. Plaintiffs must allege facts to support their claims. *See Andreyev v. Van*, No. 2:23-cv-01403-DJC-CKD, 2024 WL 71695, *3 (E.D. Cal. Jan. 5, 2024) (speculation is "insufficient to state a claim"). Plaintiffs have not alleged any facts to support the claim that Individual Defendants knew of or participated in the medical examinations of Skylar such that Individual Defendants could be liable for failing to notify Nicholas. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) ("[i]n order for a person acting under color of state law to be liable under [§] 1983 there must be a showing of personal participation in the alleged rights deprivation: there is no respondeat superior liability"); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (same); *Chuman v. Wright*, 76 F.3d 292, 294-95 (9th Cir. 1996) (defendant cannot be liable merely because he is in a group without a showing of individual participation in alleged unlawful act.).

---

[3] Individual Defendants also argue the Court should dismiss Gonzalez from Claim 1A because it is based on warrantless removal of V.C., but Plaintiffs' Complaint alleges only Foo removed V.C. (ECF No. 30 at 13 (citing ECF No. 24 at 18.)) For the same reasons as discussed in § (B)(ii)(b), *infra*, the Court agrees with Individual Defendants. Accordingly, the Court GRANTS Individual Defendants' Motion to Dismiss as to Plaintiffs' Claim 1A with respect to Gonzalez.

Therefore, the Court GRANTS Individual Defendants' Motion to Dismiss as to Plaintiffs' third claim with leave to amend.

### c.  Duplicative Claim

Individual Defendants argue the Court should dismiss Plaintiffs' fifth claim for judicial deception because it is duplicative of Plaintiffs' second claim for judicial deception. (ECF No. 30 at 15.) In opposition, Plaintiffs argue the claims are not duplicative — Plaintiffs' second claim is by all Plaintiffs against Individual Defendants for violations of their substantive due process rights under the Fourteenth Amendment based on alleged falsification of evidence, misrepresentations, and omission of exculpatory evidence (ECF No. 24 at 65–68), while Plaintiffs' fifth claim is by Skylar, K.S.-1 and K.S.-2 against Individual Defendants for violations of their Fourth Amendment rights based on actions which resulted in the alleged unreasonable seizure of Skylar, K.S.-1 and K.S.-2 (*id*. at 70–71). (ECF No. 35 at 23–24.)

The Court finds the briefing on this issue to be underdeveloped. Defendants state in conclusory fashion that Plaintiffs' claims are duplicative without meaningful discussion or analysis. Absent more, the Court DENIES Individual Defendants' Motion to Dismiss as to Plaintiffs' fifth claim.

In sum, the Court GRANTS Individual Defendants' Motion to Dismiss as follows:

- All claims asserted by Skylar are DISMISSED with leave to amend;
- Plaintiffs' Claim 1A with respect to Gonzalez is DISMISSED with leave to amend;
- Plaintiffs' third claim is DISMISSED with leave to amend.

The Court DENIES Individual Defendants' Motion to Dismiss in all other respects.

### iii.  County's Motion to Dismiss

Plaintiffs allege the County has multiple constitutionally deficient customs and practices which cause harm to the constitutional rights of many families. (ECF No. 24 at 71–85.)

The Ninth Circuit recognizes four theories for establishing municipal liability under *Monell*: "(1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final policymaker." *Horton by Horton v. City of Santa*

1   *Maria*, 915 F.3d 592, 602–03 (9th Cir. 2019).  To state a *Monell* claim against a municipality
2   under a pervasive practice or custom theory, a plaintiff must allege facts demonstrating "that an
3   'official policy, custom, or pattern' on the part of [the municipality] was 'the actionable cause of
4   the claimed injury.'"  *Tsao v. Desert Palace, Inc.*, 698 F.3d 1143 (9th Cir. 2012) (quoting *Harper*
5   *v. City of Los Angeles*, 533 F.3d 1010, 1022 (9th Cir. 2008)); *see also Mendiola-Martinez v.*
6   *Arpaio*, 836 F.3d 1239, 1247 (9th Cir. 2016) (explaining that to establish municipal liability under
7   § 1983, a plaintiff must show a direct causal link between the municipal policy or custom and the
8   alleged constitutional violation).  A "custom" for purposes of municipal liability is a "widespread
9   practice that, although not authorized by written law or express municipal policy, is so permanent
10  and well-settled as to constitute a custom or usage with the force of law."  *St. Louis v. Praprotnik,*
11  458 U.S. 112, 127 (1988).

12  The County argues Plaintiffs' allegations regarding the customs and practices of the
13  County are conclusory, boilerplate, and lack the factual support required to survive a motion to
14  dismiss.[4]  (ECF No. 28 at 7.)  The County specifically argues Plaintiffs fail to identify anyone
15  other than themselves who have experienced the same or similar circumstances.  (*Id*. at 8.)  The
16  County contends Plaintiffs' only effort in this regard is their citation to seven prior lawsuits filed
17  over the course of the last 18 years to support their claim that County employees regularly engage
18  in judicial deception and warrantless removals.  (*Id*.)  The County argues the seven prior lawsuits
19  are unhelpful because each lawsuit was either settled or dismissed with no admission of
20  wrongdoing by the County.  (*Id*. (citing *Bagley v. City of Sunnyvale*, No. 16-CV-02250-LHK,
21  2017 WL 344998, at *15 (N.D. Cal. Jan. 24, 2017)).)

22  In opposition, Plaintiffs argue they have sufficiently specified the deficient and
23  constitutionally violative practices of the County.  (ECF No. 34 at 5.)  As an example, Plaintiffs
24  provide they allege that County social workers had a practice of misquoting or fabricating
25  statements by witness and parents.  (*Id*.)  Plaintiffs also contend that they allege specifically *how*

---

[4] The County also argues Plaintiffs cannot proceed on the three other *Monell* theories of liability. (ECF No. 28.)  In opposition, Plaintiffs only addressed the County's arguments as to the pervasive customs or practices theory of liability.  (ECF No. 34.)  Therefore, the Court only addresses the parties' arguments regarding that theory.

11

1  County social works go about removing children without warrants and exigency and allege *how*
2  those social workers lie and omit exculpatory information.  (*Id*. at 6.)  Finally, Plaintiffs argue
3  they allege reoccurring conduct by County social workers by referring to multiple other lawsuits
4  filed against the County and note that the reference to the previously filed lawsuits were not
5  intended to prove that the County had constitutionally deficient practices but rather, as evidence
6  that the County plausibly has unconstitutional practices.  (*Id.* at 8.)

7       Here, the Court finds Plaintiffs have sufficiently alleged constitutionally deficient customs
8  and practices to plausibly state a claim for relief against the County.  Although Plaintiffs' SAC is
9  at times difficult to follow, it does include enough factual allegations that make it plausible that
10 the County did indeed have constitutionally deficient policies that were the proximate cause of
11 Plaintiffs' injuries.  (ECF No. 24 at 73–85.)

12      First, Plaintiffs detail a series of actions taken against them by the County, including (1)
13 engaging in warrantless removals without exigency as exemplified when County officials "took
14 V.C. without a warrant" and "did not inquire about a less intrusive means" (ECF No. 24 ¶
15 319(a)); (2) not notifying Skylar's parents of Skylar's medical appointments on numerous
16 occasions while she was in the custody or care of the County (*id.* at ¶ 319(b)); and (3) County
17 officials lying and misrepresenting facts to the juvenile court on multiple occasions (*id.* at ¶
18 319(c)).

19      In addition, Plaintiff allege actions taken against them by the County are part of
20 specifically identified customs and practices of the County.  (*See, e.g.*, ECF No. 24 at 73–75
21 (alleging the County had a custom or practice of (1) removing children from their families
22 without a warrant, (2) providing false, inaccurate, exaggerated, misleading, and/or untrue factual
23 statements in court documents, and (3) suppressing and/or omitting known exculpatory evidence
24 from court-filed documents)).  Thus, the allegations in Plaintiffs' complaint are distinct from
25 those in *Bagley*, where the court found plaintiff did not demonstrate that the alleged customs or
26 practices extended beyond their personal situation where the allegations were limited to plaintiff's
27 individual experience.  *Bagley*, 2017 WL 344998, at *15.

28      Finally, the Court finds that while Plaintiffs' allegations regarding previously filed

lawsuits against the County is not conclusive, the allegations of prior incidents help illuminate the plausibility of the continued existence of the alleged unconstitutional customs or practices. *See Bagos v. Vallejo*, No. 2:20-cv-00185-KJM-AC, 2020 WL 6043949, at *5 (E.D. Cal. Oct. 13, 2020) ("Prior incidents involving lawsuits alone, even those which do not result in a finding or admission of wrongdoing, can be sufficient for *Monell* liability purposes in the face of a motion to dismiss."); *see also McCoy v. City of Vallejo*, No. 2:19-cv-001191-JAM-CKD, 2020 WL 374356, at *3 (E.D. Cal. Jan. 23, 2020)) (finding unsubstantiated allegations in lawsuits were sufficient to establish pattern of failure to discipline and ratification at the motion to dismiss stage.)  Plaintiffs' allegations regarding previously filed lawsuits sufficiently advance Plaintiffs' claims beyond the threshold of "possibility" to "plausibility," demonstrating that these customs and practices are not isolated incidents, but rather part of a longstanding pattern of behavior. *See Iqbal*, 556 U.S. at 678.

For the foregoing reasons, the Court DENIES County's motion to dismiss.  (ECF No. 28.)

### III. MOTION TO STRIKE

#### A. Standard of Law

Rule 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  A court will only consider striking a defense or allegation if it fits within one of these five categories. *Yursik v. Inland Crop Dusters Inc.,* No. CV-F-11-01602-LJO-JLT, 2011 WL 5592888, at *3 (E.D. Cal. Nov. 16, 2011) (citing *Whittlestone, Inc. v. Handi-Craft Co*., 618 F.3d 970, 973–74 (9th Cir. 2010)).  The term "scandalous" within the meaning of Rule 12(f) refers to "matter [that] improperly casts a derogatory light on someone, usually a party," and it "may be stricken if it 'bears no possible relation to the controversy or may cause the objecting party prejudice.'" *American River AG, Inc. v. Vestis Group*, No. 2:19-cv-02203-TLN-DB, 2021 WL 3857796, at *4 (E.D. Cal. Aug. 21, 2021) (citations omitted); *see Schultz v. Braga*, 290 F. Supp. 2d 637, 655 (D. Md. 2003) (striking allegations that contained improper "inflammatory language").

#### B. Analysis

Defendants move to strike the phrase, "by FOO ling the Superior Court," in paragraph 316

13

of Plaintiffs' SAC. (ECF No. 29.) Defendant argues the quoted languages seeks to make fun of Foo based on his race. (*Id*. at 4.) In opposition, Plaintiffs deny the quoted language was intended to disparage Foo's Asian heritage but rather, was meant to be a private pun between Kaycie and Plaintiffs' counsel that was inadvertently left in the pleading. (ECF No. 33 at 2.)

As Plaintiffs acknowledge, a pun made upon a party's name does not belong in a publicly filed pleading. (*Id*.) Plaintiffs' ill-received "joke" has no relevance to the issues at hand and is insulting to Defendant Foo. The Court finds the quoted language to be scandalous under Rule 12(f). Fed. R. Civ. P. 12(f); *see also American River AG, Inc.*, 2021 WL 3857796, at *4 (striking allegation that contained improper "inflammatory language").

Accordingly, the Court GRANTS Defendants' Motion to Strike and strikes paragraph 316 from the SAC.

### IV.  CONCLUSION

For the foregoing reasons, the Court hereby ORDERS as follows:

- The Court GRANTS Individual Defendants' Motion to Dismiss (ECF No. 30) with respect to all claims asserted by Skylar with leave to amend, Plaintiffs' Claim 1A with respect to Gonzalez with leave to amend, and Plaintiffs' third claim with leave to amend. The Court DENIES Individual Defendants' Motion to Dismiss in all other respects;

- The Court DENIES the County's Motion to Dismiss (ECF No.28) in its entirety; and

- The Court GRANTS Defendants' Motion to Strike (ECF No. 29) and strikes paragraph 316 from the Second Amended Complaint.

///
///
///
///
///
///

14

1    Plaintiffs may file an amended complaint — only to cure the deficiencies addressed herein
2 — not later than thirty (30) days from the date of this Order.  Defendants shall file a responsive
3 pleading not later than twenty-one (21) days from the filing of the amended complaint.  If
4 Plaintiffs opt not to file an amended complaint, the case will proceed on the remaining claims in
5 the Second Amended Complaint, and Defendants' responsive pleading will be due not later than
6 twenty-one (21) days from Plaintiffs' deadline for filing an amended complaint.

   IT IS SO ORDERED.

Date: March 10, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

15