1
2
3
4
5
6
7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    NICHOLAS CODY, SKYLAR CODY,              No. 2:23-cv-02318-TLN-CSK
      KAYCIE CODY, individually and as
12    guardian ad litem for her minor children
      K.S.-1 and K.S.-2,
13                                              **ORDER**
                     Plaintiffs,
14
             v.
15
      COUNTY OF SAN JOAQUIN, et al.,
16
                     Defendants.
17

18

19          This matter is before the Court on Defendants Lazaro Gonzalez ("Gonzalez") and Rachel

20    Apodaca's ("Apodaca") (collectively, "Individual Defendants[1]") Motion to Dismiss.  (ECF No.

21    44.)  The motion was fully briefed.  (ECF Nos. 49, 51.)  For the reasons set forth below, the Court

22    GRANTS IN PART and DENIES IN PART Individual Defendants' Motion to Dismiss.

23    ///

24    ///

25    ///

26    _____

27    [1]       The Court notes Defendant Charlie Foo ("Foo") is not a party to the instant motion.  The
      Court also notes that while Defendant Claudette Butman ("Butman") was named as a defendant
      in the instant action, Butman has not been served or made an appearance in the matter and is not a
28    party to the instant motion.

                                                    1

## I.     FACTUAL AND PROCEDURAL BACKGROUND

On October 13, 2023, Plaintiffs Nicholas Cody ("Nicholas"), Kaycie Cody ("Kaycie"), and Skylar Cody ("Skylar") (collectively, "Plaintiffs") commenced the instant action alleging claims under 42 U.S.C. § 1983 ("§ 1983") against the County of San Joaquin ("County"), San Joaquin Health and Human Services Agency, Individual Defendants, Foo, and Butman, for alleged false statements made to San Joaquin County Dependency Court that resulted in the removal and detention of Nicholas's and Kaycie's minor children, Skylar, V.C., K.S.-1, and K.S.-2. (ECF No. 1.)  Individual Defendants were social workers who were involved in various aspects of the investigations into allegations against Nicholas and Kaycie.  (*See generally* ECF No. 24.)

Following this Court's Order on Defendants' Motion to Dismiss (ECF No. 42), Plaintiffs filed the operative Third Amended Complaint ("TAC") on April 9, 2025.  (ECF No. 43.)  In the TAC, Plaintiffs allege the following § 1983 claims:

1. Claim One alleges violations of the First, Fourth, and Fourteenth Amendments, specifically violations of the right to familial association, against Foo and Gonzalez and arises from the warrantless removal of V.C. ("Claim 1A") and the detention of Skylar, K.S.-1, and K.S.-2 ("Claim 1B");

2. Claim Two alleges a violation of the First and Fourteenth Amendments, specifically judicial deception, against Foo, Gonzalez, Butman, and Apodaca, and arises from alleged falsification of evidence, misrepresentations, and omission of exculpatory evidence;

3. Claim Three alleges a violation of the Fourteenth Amendment against Gonzalez, Butman, and Apodaca, and arises from alleged failures to notify Nicholas of medical and dental examinations of Skylar and provide Nicholas with an opportunity to be present during the examinations;

4. Claim Four alleges a violation of the First Amendment against Foo, Gonzalez, Butman, and Apodaca and arises from actions alleged to have been taken in retaliation for Nicholas and Kaycie having obtained a reversal of previously substantiated

1    allegations lodged against them;

2    5.   Claim Five alleges a violation of the Fourth Amendment against Foo, Gonzalez,

3         Butman, and Apodaca and arises from alleged falsification of evidence,

4         misrepresentations, and omission of exculpatory evidence; and

5    6.   Claim Six alleges a *Monell* claim against the County for customs and practices that

6         allegedly violate the First, Fourth, and Fourteenth Amendment.

7         (ECF No. 43 at 54–87.)

8    On April 30, 2025, Individual Defendants filed a second motion to dismiss.  (ECF No.

9    44.)

10   **II.    STANDARD OF LAW**

11   A motion to dismiss for failure to state a claim upon which relief can be granted under

12   Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint.

13   *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Rule 8(a) requires that a pleading contain

14   "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R.

15   Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).  Under notice pleading in

16   federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the

17   grounds upon which it rests."  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal

18   citation and quotations omitted).  "This simplified notice pleading standard relies on liberal

19   discovery rules and summary judgment motions to define disputed facts and issues and to dispose

20   of unmeritorious claims."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

21   On a motion to dismiss, the factual allegations of the complaint must be accepted as true.

22   *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court must give the plaintiff the benefit of every

23   reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  *Retail*

24   *Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege

25   "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to

26   relief."  *Twombly*, 550 U.S. at 570 (internal citation omitted).

27   Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of

28   factual allegations."  *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

3

While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Thus, "[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss" for failure to state a claim. *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (citations omitted).  Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 680.  While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.  This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  Thus, only where a plaintiff fails to "nudge [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680 (internal quotations omitted).

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)); *see also Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile).  Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to

4

1  deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint."

2  *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting

3  *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

4          A.    <u>Analysis</u>

5         Individual Defendants argue the Court should dismiss Plaintiffs' Claim 1A against

6  Gonzalez and Claim Three against Individual Defendants.  (*See generally* ECF No. 44.)  The

7  Court will address the claims in turn.

8                  *a.*    *Claim 1A*

9         Individual Defendants argue the Court should dismiss Gonzalez from Claim 1A because

10  Plaintiffs' TAC fails to allege that Gonzalez personally participated in the removal of V.C.  (*Id.* at

11  5.)  Specifically, Individual Defendants contend Plaintiffs' TAC alleges Foo conducted the

12  removal of V.C. and does not allege Gonzalez was with Foo when Foo removed V.C.  (*Id.* at 5–

13  6.)

14         In opposition, Plaintiffs argue any fair reading of the TAC shows that Gonzalez told Foo

15  to take V.C. into custody.  (ECF No. 49 at 4.)  Specifically, Plaintiffs argue the TAC alleges the

16  following: Foo told Plaintiffs that he had just gotten off the phone with his supervisor, Gonazlez;

17  Foo "was told" to take V.C. into custody; and later that day, Foo contacted Gonzalez to keep him

18  informed of events in the case including the fact that V.C. was taken into custody.  (*Id.*)

19         It is unclear to the Court why — despite the Court having previously addressed this issue

20  — Plaintiffs do not specifically allege who told Foo to remove V.C.  However, because at this

21  stage the Court must draw all reasonable inferences in favor of Plaintiff, the Court finds

22  Plaintiffs' TAC sufficiently alleges Gonzalez personally participated in the removal of V.C. based

23  on the allegations that: Gonzalez was Foo's supervisor; Foo had just gotten off the phone with

24  Gonzalez when Foo stated he was told to remove V.C.; and Foo then reported to Gonzalez that he

25  had in fact removed V.C.  While it may be a stretch and the Court is skeptical about the ultimate

26  viability of the claim against Gonzalez, the Court finds it reasonable to infer that Gonzalez told

27  Foo to remove V.C.

28  / / /

1      Therefore, the Court DENIES Individual Defendants' Motion to Dismiss as to Plaintiffs'

2      Claim 1A against Gonzalez.

3                   *b.*     *Claim Three*

4      Individual Defendants argue the Court should dismiss Plaintiffs' third claim because the

5      TAC fails to allege Individual Defendants had any personal participation in or even knew about

6      Skylar's medical examinations.  (ECF No. 44 at 6–7.)  Specifically, Individual Defendants

7      contend the TAC alleges the exams occurred "at the hands of County or DOE employees" but

8      otherwise fails to identify whose hands are referenced.  (*Id.* at 7.)  Further, Individual Defendants

9      contend the TAC alleges Apodaca "purposefully did not contact Nicholas prior to the conduct

10     described and contacted him afterwards instead," but fails to specifically identify the conduct

11     referenced.  (*Id.*)

12      In opposition, Plaintiffs contend the TAC alleges Apodaca knew Nicholas was against any

13     medical testing as early as November 2021 and despite having such knowledge, Apodaca failed to

14     notify Nicholas of Skylar's medical examinations until after they occurred in January 2022.[2]

15     (ECF No. 49 at 6.)  Plaintiffs argue a reasonable interference from the allegations is that Apodaca

16     knew Skylar would be given medical examinations upon his delivery to the Mary Graham Center

17     and therefore, Apodaca "was required by law to notify [Nicholas] that such examinations were

18     going to take place and either seek his consent, a court order, or allow him an opportunity to be

19     present during the examinations."  (*Id.*)

20      The Court agrees with Individual Defendants.  The Court's prior Order specifically noted

21     Plaintiffs had not alleged any facts to support the claim that Individual Defendants knew of or

22     participated in the medical examinations of Skylar such that Individual Defendants could be liable

23     for failing to notify Nicholas.  *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) ("[i]n order

24     for a person acting under color of state law to be liable under [§] 1983 there must be a showing of

25

26    [2]     The Court notes Plaintiffs' opposition argues only that their TAC alleges a proper claim as to Apodaca and is silent as to Gonzalez.  Consequently, Plaintiffs concede this argument.  *See*

27    *Crandall v. Teamsters Loc. No. 150*, No. 2:23-CV-03043-KJM-CSK, 2024 WL 3889916, at \*5 (E.D. Cal. Aug. 20, 2024) (finding plaintiff abandoned claims not raised in opposition to

28    defendants' motion to dismiss).

1    personal participation in the alleged rights deprivation: there is no respondeat superior liability");

2    *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (same); *Chuman v. Wright*, 76 F.3d 292, 294-

3    95 (9th Cir. 1996) (defendant cannot be liable merely because he is in a group without a showing

4    of individual participation in the alleged unlawful act).  Despite the Court's explanation,

5    Plaintiffs' TAC continues to suffer from the same deficiency.  Plaintiffs point to new allegations

6    against Apodaca that purport to show her awareness that Plaintiffs would object to medical

7    examinations, but these do not remedy the lack of allegations of Apodaca's personal participation

8    in the medical examinations.  Further, while Plaintiffs argue it can be inferred Apodaca knew

9    Skylar would be given medical examination, Plaintiffs fail to cite to any allegation in their TAC

10   that would create that inference.

11          The Court granted Individual Defendants' motion to dismiss this claim from Plaintiffs'

12   Second Amended Complaint with leave to amend so that Plaintiffs could allege personal

13   participation by the social workers.  Yet, Plaintiffs failed to do so in the TAC and have not

14   provided the Court with any indication that they could do so in a future amendment.

15          Therefore, the Court GRANTS Individual Defendants' Motion to Dismiss as to Plaintiffs'

16   third claim without leave to amend.  *Gardner*, 563 F.3d at 990.

17   **III.    CONCLUSION**

18          For the foregoing reasons, the Court orders as follows:

19          • Individual Defendants' Motion to Dismiss is DENIED as to Plaintiffs' Claim 1A

20             against Gonzalez; and

21          • Individual Defendants' Motion to Dismiss as to Plaintiffs' Third Claim is

22             GRANTED.  Claim Three is dismissed as to Defendants Gonzalez and Apodaca

23             without leave to amend.

24          Defendants shall file a responsive pleading not later than twenty-one (21) days from the

25   date of this Order.

26   //

27   //

28   //

7

1          IT IS SO ORDERED.

2    Date: November 10, 2025

3                                                    _____
                                                     TROY L. NUNLEY
4                                                    CHIEF UNITED STATES DISTRICT JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28